**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

| | | |
|---|---|---|
| JERAD KEITH DUNKIN,<br>ADC # 144105, | | PLAINTIFF |
| V. | 4:10-cv-00106-JMM | |
| D. PAUL PETTY, Attorney, Searcy, Arkansas; GREG MOLE, Detective, Searcy Police Department; CALE HOPKINS, Owner/Employee, Searcy Towing & Recovery; ALAN EDWARDS, Officer, Newport Police Department/ Jackson County; STEVE BORGER, Owner, Razorback Auto Sales; LAUREL BRIGHT, Police Officer, Searcy Police Department; JOE SMITH, Employee, Orr Nissan; CYNTHIA J. BAKER, Deputy Prosecuting Attorney, White County; ROBERT PARSONS, Police Officer, Judsonia Police Department; MUSKIE HARRIS, Employee, Sobriety Living; RICKY MOROLES, Detective, Jackson County Sheriff's Department; and TIM PFLUGRADT, Employee, Orr Nissan | | DEFENDANTS |

## <u>ORDER OF DISMISSAL</u>

Plaintiff, formerly an inmate at the Arkansas Department of Correction Grimes Unit, filed this action *pro se* pursuant to 42 U.S.C. § 1983, raising a variety of claims against law enforcement officers and private citizens. Plaintiff's claims are legally frivolous and make allegations that are not within the jurisdiction of the United States District Court. Therefore, Plaintiff's Complaint must be dismissed with prejudice.

**I.     SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's recent opinion in *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009), to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 1950, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id*. at 545-46.

## II.     FACTUAL BACKGROUND

Plaintiff, Jerad Dunkin, lived on his grandparents' property in Bradford, Arkansas, in a "shop" where he also worked on vehicles and motors. He was arrested and convicted of theft of

items valued at over $60,000 in north central Arkansas. According to Dunkin's Complaint, his problems first began in October of 2007, when Officer Robert Parsons of the Judsonia Police Department found Mr. Dunkin at Hughes Auto Parts and arrested him on charges of commercial burglary and theft of property (Doc. No. 2 at 9). Dunkin alleges that during the course of his arrest, his vehicle was searched and Officer Parsons stole a .45 caliber V-10 Ultra-Compact Military ACP pistol[1] and a lockblade knife. *Id.* Dunkin was charged but remained on bond until March of 2008 when he was implicated in several more burglaries.

On March 5, 2008, Dunkin states that Officer Parsons came to his residence in an unmarked vehicle to question him about some burglaries in the area. Parsons asked permission to enter Dunkin's shop/residence and when Dunkin declined to allow him in, Parsons left, "slinging gravel" as he drove away (Doc. No. 2, p. 12/114).

The next day, Dunkin was driving and pulling a trailer on Highway 167 in White County when Tim Pflugradt and Joe Smith, employees of Orr Nissan in Searcy, recognized the trailer as one stolen from their employer (Doc. No. 2 at 15). Dunkin reports the two men tried to "run him off the road," so he stopped a state trooper for help. The parties then went to the Searcy Police Department to resolve the matter. An officer asked Dunkin to provide a bill of sale or other information establishing his ownership of the trailer, and would not release the trailer to him until he had done so. According to Dunkin, Detective Greg Mole released the trailer to Pflugradt and Smith, "stealing"

---

[1]This pistol appears in another claim raised by Dunkin (Doc. No. 2 at 8), wherein he alleges that in September of 2006, Officer Allen Edwards of the Newport Police Department took custody of the pistol based upon concerns about Dunkin's temper raised by his grandparents. The pistol was returned to Dunkin a few days later. Assuming *arguendo* that any of these facts state a claim for relief, the events occurred outside the statute of limitations and for this reason they will not be considered by this Court. The statute of limitations for § 1983 actions is the forum state's statute of limitations for personal injury actions, which in Arkansas is three years. *Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991).

it from him, while he left in search of documents to prove the trailer was his (Doc. No. 2 at 16-17).

Meanwhile, officers went to Dunkin's residence in Bradford and received written consent to search from his grandfather (Doc. No. 2 at 18, 25). Dunkin states that Officers Mole, Edwards, Bright, and Moroles arrived at his grandfather's property and reported that a red Dodge Dakota located on the property had been reported stolen. The officers told Dunkin's grandfather that he potentially faced criminal charges but he could limit his exposure by giving officers consent to search the property (Doc. No. 2 at 20). Dunkin's grandfather gave written consent to search Dunkin's shop and living quarters. During the search, many items suspected to have been stolen were found by the officers. Officers called two of the victims, Cale Hopkins of Searcy Towing and Recovery, and Steven Borger, owner of Razorback Auto Sales, to identify their property. Dunkin contends that Hopkins and Borger removed $25,000 worth of tools, clothing, racing gear, car parts, and electronics from his residence. Officers also recovered another stolen vehicle which Dunkin claims to have been working on for a client, with no knowledge that it had been stolen. *Id.* Dunkin claims that the wreckers used to remove the stolen vehicles caused ruts and extensive damage to the property, requiring $1,300 worth of dirt and excavation work to repair the damage (Doc. No. 2 at 20-21).

On April 2, 2008, Dunkin claims that Deputy Prosecuting Attorney Cynthia Baker changed his court date without notifying him or his attorney, Larry Killough, Jr., and then "issued a $150,000 fugitive bond" when he failed to appear for the hearing (Doc. No. 2 at 29). She then used this high bond amount as leverage to force him into an unnecessary drug rehabilitation program (Doc. No. 2 at 31). On April 4, 2008, Dunkin went to the Sober Living program, having been recruited by Muskie Harris, a counselor at the center. Dunkin states his family paid $3,200 for his planned two-month stay. However, after Harris resigned they learned the actual cost was only $600 and Harris

had pocketed the rest. Dunkin left without completing the program (Doc. No. 2 at 32).

In May of 2008, attorney Killough was killed in a car accident (Doc. No. 2 at 34). Attorney Paul Petty assumed Dunkin's defense and enrolled him in Project New Start, a drug and alcohol rehabilitation program in Newport (Doc. No. 2 at 35). Dunkin failed to complete this program as well, reporting that he had "words" with the director over plumbing work he had performed at the facility and a dispute over some chainsaws. (Doc. No. 2 at 37).

On January 29, 2009, Dunkin entered a negotiated plea of guilty in four separate criminal cases in White County Circuit Court. (Doc. No. 2 at 62-65). In return for his plea of guilty to two Class C felony and three Class B felony charges, Dunkin was sentenced on March 2, 2009, to seven years imprisonment on each count, to be served concurrently.[2] (Doc. No. 2 at 56-60). Dunkin contends Mr. Petty failed to adequately represent him, or to obtain return of property seized during his arrests. Notwithstanding that he had pleaded guilty to the crimes, Plaintiff then hired attorney Mark Jessie to represent him in a Rule 37 petition, which was denied on December 30, 2009. (Doc. No. 2 at 40, Doc. No. 11). In pleadings submitted since the Complaint was filed, Dunkin appears to also argue that Mr. Jessie failed in his representation duties (Doc. No. 8) and now Dunkin wishes to amend his pleadings to add Mr. Jesse as a Defendant. (Doc. No. 13). Dunkin also filed in White County Circuit Court a *pro se* Motion for Return of Seized Property, which was denied on February 25, 2010 (Doc. No. 10). By way of relief in the instant case, Plaintiff seeks criminal charges against the Defendants, monetary compensation, and, originally, the appointment of Mr. Jessie to represent him in this case. Now Plaintiff seeks the return of the fees paid to Mr. Jessie as part of his criminal case.

---

[2] Plaintiff has already been released on parole. (Doc. No. 12).

### III. ANALYSIS

#### A. Defendant Paul Petty

Plaintiff's private attorney hired to defend him in a criminal case is not a state actor. In order to state a cognizable claim for money damages under 42 U.S.C. § 1983, Plaintiff must allege that the conduct of a defendant acting "under color of state law" deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). A private attorney does not act under color of state law when performing the traditional functions of a defense attorney. *Polk County v. Dodson*, 454 U.S. 312, 320 (1981) ("It is the function of the public defender to enter not guilty pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make closing arguments in behalf of defendants. All of these are adversarial functions. We find it peculiarly difficult to detect any color of state law in such activities."); *See also Bilal v. Kaplan*, 904 F. 2d 14 (8th Cir. 1990) (conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of § 1983); *Dunn v. Hacksworth*, 628 F. 2d 1111 (8th Cir. 1980); *Harkins v. Eldredge*, 505 F. 2d 802 (8th Cir. 1974). Accordingly, Plaintiff cannot sue Mr. Petty under § 1983 for failure to adequately represent him.

#### B. Attorney Mark Jessie

For all the reasons set forth in section A above, Plaintiff's Motion to Amend (Doc. No. 13) will be denied as futile. Generally, leave to amend "shall be freely given when justice so requires." FED.R.CIV.P. 15(a). The Eighth Circuit has specifically stated that under the liberal amendment policy of Rule 15, "a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti*

*Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001). However, a district court's denial of a plaintiff's motion to amend has consistently been upheld when the amendment has been futile. *See Runningbird v. Weber*, 198 Fed. Appx. 576 (8th Cir. 2006)(unpublished)(per curiam); *Gray v. McQuilliams*, 14 Fed.Appx. 726 (8th Cir. 2001)(unpublished)(per curiam); *Holloway v. Dobbs*, 715 F.2d 390 (8th Cir. 1983). Plaintiff cannot sue his criminal defense attorney for legal malpractice via a §1983 complaint. Accordingly, the Motion to Amend (Doc. No. 13) is denied.

### C.     Defendants Hopkins, Borger, Smith and Pflugradt

The same analysis related to state actors is true for Plaintiff's allegations against these Defendants, who are private citizens and not employees of any governmental agency. To state a cognizable claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused or committed by a person acting under color of state law. *Roe v. Humke*, 128 F.3d 1213, 1214 (8th Cir. 1997). Plaintiff here has failed to allege facts indicating these Defendants committed the complained of conduct while acting under color of state law. An individual acts under color of state law when he or she exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Roe*, 128 F.3d at 1216. Even reading Plaintiff's complaint liberally and assuming as true Plaintiff's allegations that these defendants wrongfully took his property, they are not "state actors" for the purposes of this § 1983 litigation. Because Plaintiff's allegations fail to establish that a state actor deprived him of a constitutional right, he fails to state a cognizable claim for relief under § 1983.

### D.     Deputy Prosecuting Attorney Cynthia Baker

When a prosecutor is acting as an advocate for the state in a criminal prosecution, then the prosecutor is entitled to immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Absolute

immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process. *Id.*; *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). It is clear that the decisions and acts of Ms. Baker in prosecuting Plaintiff are at the heart of prosecutorial immunity. Thus, Plaintiff's claims against her must fail.

### E. Defendant Muskie Harris

Nothing in Plaintiff's Complaint or other pleadings alleges or even suggests that Mr. Harris, an employee (or former employee) of the Sober Living treatment program, is a state actor, nor do the allegations against him implicate any constitutional claims. At most, Plaintiff states a claim for conversion, a state law tort claim for lost property. Under the circumstances, the Court declines to assert pendent state law jurisdiction over this claim. Plaintiff's claim is dismissed without prejudice to his right to re-assert it in state court.

### F. Defendant Parsons

Plaintiff states in his Complaint that Defendant Robert Parsons, an officer of the Judsonia Police Department, found Dunkin at Hughes Auto Parts and arrested him on charges of commercial burglary and theft of property (Doc. No. 2 at 9). Dunkin alleges that during the course of his arrest, his vehicle was searched and Officer Parsons stole a .45 caliber V-10 Ultra-Compact Military ACP pistol and a lockblade knife. *Id.* Dunkin adds that on March 5, 2008, Officer Parsons came to his residence "in an unmarked vehicle" to question him about some burglaries in the area. Parsons asked permission to enter Dunkin's shop/residence and when he declined to allow him in, Parsons left, "slinging gravel" as he drove away (Doc. No. 2, p. 12/114). None of this amounts to a constitutional violation. Even assuming every fact stated by Plaintiff is true, at best Plaintiff has alleged a claim of conversion for the "theft" of his knife and pistol. The Court declines to adopt

pendent state-law jurisdiction over this claim. Plaintiff's claim is dismissed without prejudice to his right to re-assert it in state court.

### G.     Defendants Mole, Edwards, Bright, and Moroles

While a warrantless search ordinarily violates the Fourth Amendment, *see Payton v. New York*, 445 U.S. 573, 586 (1980), an exception to this general rule permits authorities to conduct a search when they obtain voluntary consent from a third party who possesses common authority over the property. *United States v. Matlock*, 415 U.S. 164, 169-71 (1974). "The consent of one who possesses common authority over the premises or effects is valid as against the absent, nonconsenting person with whom that authority is shared." *Matlock*, 415 U.S. at 170. Here, Dunkin's grandfather owned the shop and residence where Dunkin lived. While his grandfather provided consent, Dunkin alleges that this consent was not voluntary.

The following characteristics are relevant when assessing the voluntariness of consent: age; general intelligence and education; whether or not the person was intoxicated or under the influence of drugs when consenting; whether or not the person consented after being informed of their right to withhold consent or of their Miranda rights; and whether, because they had been previously arrested, they were aware of the protections afforded to suspected criminals by the legal system. *U.S. v. Chaidez*, 906 F.2d 377, 381 (8th Cir. 1990). Likewise, the following environmental factors are relevant when assessing the voluntariness of consent: did law enforcement authorities detain the individual and question them for a long or short time; were the police physically intimidating, or punishing; did the police make promises or misrepresentations; was the individual in custody or under arrest when the consent was given; was consent given in a public or a secluded place; and did the individual object to the search or did they stand by silent while the search occurred. *Id.*

In applying these factors to the facts of this case, the Court finds that Dunkin's Fourth

Amendment rights were not violated. While it appears the police were aggressive in their investigation, considering all the factors as outlined in *Chaidez*, the conduct of investigators did not violate Dunkin's Fourth Amendment rights. Given his age and apparent intelligence, Dunkin's grandfather was clearly able to hold his own against the investigators during this process. There is no question that the grandfather knew and understood what was happening. Furthermore, Dunkin's grandfather was not in custody and the interaction occurred on his property. While police may have threatened that Dunkin's grandfather could be arrested for possessing the stolen vehicle on his property, this is a true a statement and not overly coercive. While a guilty plea does not foreclose Dunkin's civil action, *Haring v. Prosise*, 462 U.S. 306 (1983), it is still of some relevance in the instant analysis that Dunkin subsequently pleaded guilty to the criminal charges resulting from the stolen property found by police during this search. Given the totality of the circumstances, Dunkin's claim should be dismissed.

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that:

1.   Plaintiff's Motion to Amend (Doc. No. 13) is DENIED;

2.   Plaintiff remains responsible for payment of the remainder of the filing fee in this case. Having reviewed Plaintiff's supplemental *in forma pauperis* application filed since his release from custody (Doc. No. 17), the Court determines that Plaintiff shall be responsible for the payment of $50.00 monthly toward the $300.00 remaining due on the filing fee. Plaintiff shall mail his payments to the Clerk of the Court until a total of $350 has been collected and forwarded to the Clerk of the Court. Plaintiff's payments shall be clearly identified by the name and number assigned to this action.

3.   Plaintiff's claims against Defendants Petty, Hopkins, Borger, Smith, Baker, Harris,

Pflugradt, Parsons, Mole, Edwards, Bright, and Moroles are dismissed for failure to state a claim, and Plaintiff's cause of action is dismissed with prejudice; and

    4.    Dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g).[3]

DATED this 30th day of April, 2010.

                                                           _____
                                                           JAMES M. MOODY
                                                           UNITED STATES DISTRICT JUDGE

---

[3] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."